# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D18-4819
_____

COURTNEY M. FERNANDEZ and
ELLIS T. FERNANDEZ,

    Appellants,

    v.

MANNING BUILDING SUPPLIES,
INC.,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Waddell A. Wallace, Judge.

September 25, 2019

BILBREY, J.

Courtney M. and Ellis T. Fernandez challenge a judgment foreclosing on a construction lien and awarding attorney's fees and costs. We find no error in the award of attorney's fees and costs and affirm that award without further comment. However, we find merit in the argument that the trial court erred in its determination of the interest recoverable on the principal amount of the lien, and therefore, we reverse that part of the judgment.

A construction lien was filed by Manning Building Supplies, Inc., on the residential property owned by the Fernandezes. Manning entered into a contract with the general contractor hired

by the Fernandezes to supply materials to be used in a renovation of the residence.  Manning was not paid so it filed a lien against the property and filed suit against the contractor as well as the Fernandezes.  The trial court granted a partial summary judgment on the lien foreclosure count of Manning's complaint.  The trial court thereafter determined that Manning was entitled to collect $24,157.64 in principal from the Fernandezes plus interest at the rate of 18% per year.  The trial court determined a rate of 18% was required because the contract between Manning and the contractor provided that a monthly fee of 1.5% of the contract balance would be owed if payment was not timely made on a monthly basis.

The contract provides in pertinent part:

1.  Payment of all sums due hereunder are due and payable in DUVAL County, Florida.  CUSTOMER agrees that all invoices are due upon receipt with the following terms:  Net 10th of the month following month of purchase I/We submit to Manning Building Supplies, Inc.  I/We agree to make payment to MBS on or before the tenth (10th) day of the month following date of purchase.  **I/We understand that a delinquent account will cause credit to be suspended and a 1-1/2% monthly delinquent charge to be added, plus any attorney's fees, and/or court costs necessary to collect this account, all of which I/We agree to pay**.  Proper venue shall be in DUVAL County, Florida.  Accounts are considered delinquent on the fifteenth (15th) day of the month following purchase and finance charges will be added on the last day of the month following purchase. . . .  **CUSTOMER agrees to pay SELLER interest, including post judgment interest, at the highest rate allowable by law on all sums not timely paid** and hereby submits to the jurisdiction of the courts of the State of Florida, whose laws govern this Agreement.

(Emphasis added).  The monthly 1.5% charge was annualized by the trial court to be 18%.

Section 713.06(1), Florida Statutes (2018), specifically authorizes a lien on real property for a materialman or laborer "not

2

in privity" with the owner of real property for unpaid services or materials and "for any unpaid finance charges due under the lienor's contract."* Chapter 713 does not define the term "finance charge."

However, other areas of Florida Statutes distinguish between delinquency and finance charges. For example, Chapter 687, Florida Statutes (2018), pertaining to usury, interest, and lending practices provides:

> (c)  Notwithstanding any other provision of this section, **any** lessor or **merchant**, or any person **who** lends money or **extends any other form of credit, who is regularly engaged in the business of selling or leasing merchandise, goods**, or services which are for other than personal, family, or household purposes, or any assignee of such lessor, merchant, or person who lends money or extends any other form of credit, who is the holder of a commercial installment contract, each of which persons or entities is subject to the laws of any jurisdiction of the United States, any state, the District of Columbia, the Commonwealth of Puerto Rico, or any territory or insular possession of the United States, **may, if the contract so provides, charge a delinquency charge on each installment which is in default for a period of not less than 10 days in an amount not in excess of 5 percent of such installment**. However, only one such delinquency charge may be collected on any installment, regardless of the period during which it remains in default. **A delinquency charge imposed pursuant to this paragraph shall not be deemed interest or a finance charge made incident to or as a condition to the grant of the loan or other extension of credit and shall not be included in determining the limit on charges, as provided by**

---

* Manning does not contend that the Fernandezes were in privity. Thus, any recovery by Manning can only be as allowed by statute and not based on Manning's contract with the general contractor.

3

**this section, which may be made in connection with the loan or other extension of credit as provided by law of this state**.

§ 687.03(2)(c), Fla. Stat. (Emphasis added).

Distinguishing between a delinquency charge and a finance charge is also consistent with Chapter 520, Florida Statutes, which regulates retail installment sales and financing of retail installment sales. This chapter defines a finance charge as "the cost of consumer credit as a dollar amount." § 520.02(6), Fla. Stat. (2018). The statute further provides that the "term 'finance charge' includes any charge payable directly or indirectly by the buyer and imposed directly or indirectly by the seller as an incident to or a condition of the extension of credit." *Id.*; *see also* 15 U.S.C. § 1605(a) (defining finance charge for consumer credit as the sum of all charges "imposed directly or indirectly by the creditor as an incident to the extension of credit"). Here, had timely payment been made no additional cost would have been imposed by the Manning contract.

While Manning's contract with the general contractor called the 1.5% delinquency charge a "finance charge," a late payment fee is not a "finance charge" as that term is generally understood. In addition to the Florida Statutes discussed above, the difference between a finance charge and delinquency fee is recognized by *Black's Law Dictionary* (10th ed. 2014) which defines a "finance charge" as "[a]n additional payment, usu. in the form of interest, paid by a retail buyer for the privilege of purchasing goods or services in installments." As such, a finance charge is the cost of credit — not the cost of paying late. The 1.5% fee required by the Manning contract is to be paid only upon default; it is not a cost of credit per se. Thus, as it is not a finance charge as that term is understood generally, the trial court erred in assessing interest at a rate of 18% against the Fernandezes.

Accordingly, that part of the judgment awarding interest at a rate of 18% is reversed, and the cause is remanded for an award of interest at the statutory rate. In all other respects, the judgment and award of attorney's fees and costs are affirmed.

AFFIRMED in part, REVERSED in part, and REMANDED.

4

WOLF, J., concurs; RAY, C.J., dissents with opinion.

————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

————————————————

RAY, C.J., dissenting.

I respectfully dissent from the majority's conclusion that the delinquency charge authorized by contract is not a finance charge recoverable under the materialman lien statute. I would affirm the final order in full.

Under the lien statute, the amount of the lien of a materialman not in privity with the property owner includes "any unpaid finance charges due under the lienor's contract." § 713.06(1), Fla. Stat. Here, the credit agreement between the materialman (Manning Building Supplies, Inc.) and the general contractor called for a 1.5% monthly delinquency charge if the account was not paid on time. It further provided that the finance charge would be assessed on the delinquent account on the last day of the month following purchase.

I am not persuaded that the 1.5% delinquency charge is anything but a finance charge as that term is used in both the contract and statute. As explained by the trial court, the context of this business transaction assumes a preexisting failure to make timely payments for the building materials supplied on credit. The contract states that the materialman is entitled to X if paid on time, and X + 1.5% per month if not paid on time. While labeled interchangeably as a delinquency charge and a finance charge, the 1.5% assessment refers to the additional charge incurred—as a condition of the extension of credit—for amounts past due. Nothing in Florida's construction lien laws distinguishes this type of charge from the statutorily undefined "finance charge."

5

Because the construction lien laws are designed in part "to protect suppliers who furnish labor or materials to the property by assuring them of full payment," *Stunkel v. Gazebo Landscaping Design, Inc.*, 660 So. 2d 623, 626 (Fla. 1995), I would affirm the trial court's decision to include interest on the outstanding principal balance at the annual rate of 18% per year as provided in the credit agreement.

---

E.T. Fernandez, III, of Fernandez Trial Lawyers, P.A., Jacksonville, for Appellants.

Charles B. Jimerson and James O. Birr, III, of Jimerson & Cobb, P.A., Jacksonville, for Appellee.